# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-00487-FDW-DCK

| | |
|---|---|
| **DERRICK D. BOGER,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **PAUL GOODSON,** | )<br>) |
| **Defendant.** | )<br>)<br>) |

THIS MATTER is before the Court *sua sponte* following Plaintiff's failure to comply with the Notice of Deficiency entered by the Clerk on August 1, 2023, directing him to file an application to proceed without prepayment of fees and affidavit or pay the filing fee of $402.00 within twenty-one (21) days from the filing of the notice. (Doc. No. 2). The Notice of Deficiency clearly provided Plaintiff with notice that failure to comply with the directives therein "may result in the dismissal of this action without prejudice for failure to prosecute." (Id.) Plaintiff has failed to comply with the Notice of Deficiency, and the time for doing so has long expired. In addition, Plaintiff has failed to keep the Court apprised of an address where he can be served, as evidenced by the returned mail on August 15, 2023. (Doc. No. 3). See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.")). Plaintiff has taken no other action in this matter, nor does the record indicate he has made any efforts to inquire as to the status of his case or prosecute this matter.

The Court finds that dismissal without prejudice is appropriate under this record. In so ruling, the Court has considered Plaintiff's degree of responsibility (including his burden to keep

1

the Court apprised of his address), the prejudice to Defendant (which has yet to be served because of Plaintiff's failures to prosecute his case as indicated on the docket), the drawn-out history of this case (particularly where Plaintiff has taken no action in furtherance of this matter since filing the Complaint on July 28, 2023). Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).  As to the fourth factor from Attkisson—the effectiveness of sanctions less drastic than dismissal—the Court finds that dismissal under this record is appropriate because the facts of this case, including the lack of a correct address to provide Plaintiff with Court orders, indicate anything other than dismissal would not be effective.

THEREFORE, it is ORDERED that Plaintiff's claims are DISMISSED without prejudice. The Clerk of Court is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: January 2, 2024

_____
Frank D. Whitney
United States District Judge